**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**CREDIT BANCORP, LTD., et al., Defendants.**

**No. 99 CIV. 11395(RWS).**

United States District Court, S.D. New York.

April 17, 2000.

Robert B. Blackburn, S.E.C., New York City, Thomas M. Melton, S.E.C., Salt Lake City, UT, for S.E.C.

James B. Swire, Dorsey & Whitney, L.L.P.; New York City, Lyndon Mitchell Tretter, Hogan & Hartson L.L.P., New York City, for Dr. Gene W. Ray.

William A. Maher, Wollmuth, Maher & Deutsch, New York City, for Stephenson Equity Co.,

Richard Marmaro, McCambridge, Deixler & Marmaro LLP, Los Angeles, CA, for Richard Jonathan Blech.

Andrew Tomback, Milbank, Tweed, Hadley & McCloy, L.L.P., New York City, for Thomas Michael Rittweger.

Richard A. Getty, Getty, Keyser & Mayo, LLP, Lexington, KY, for Douglas C. Brandon.

Thomas R. Pattison, Pattison & Flannery, New York City, for Certain Underwriters at LLoyds at London, London Market Companies, Gulf Ins. Co.

William R. Mait, Mait, Wang & Simmons, New York City, for Federal Ins. Co.

Timothy J. Coleman, Asst. U.S. Atty., Mary Jo White, U.S. Atty., New York City, for U.S.

Michael J. Levin, Barger & Wolen, L.L.P., New York City, for Centigram Communications Corp.

## MEMORANDUM OPINION

SWEET, District Judge.

By notice of motion dated March 20, 2000, the Receiver in this action, Carl H. Loewenson, Jr., moved for an order under the All Writs Act, 28 U.S.C. § 1651(a) and the inherent power of the Court, to stay the action styled *Brandon v. J & H Marsh & McLennan and Lloyds Underwriters of London,* No. 99–476, pending in the United States District Court for the Eastern District of Kentucky (the "Kentucky Action"). This matter was set down for argument on April 12, 2000.

After receiving submissions from the parties and hearing argument on April 12, the matter was deemed fully submitted.

Douglas C. Brandon ("Brandon") is hereby enjoined from prosecuting the Kentucky Action. This order is made pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent power to issue all orders necessary or appropriate in aid of its jurisdiction.

On November 16, 1999, the SEC commenced this action (the "Enforcement Action") in the United States District Court for the Southern District of New York against Credit Bancorp, Ltd., Credit Bancorp, Inc., and all subsidiaries and affiliated entities (referred to collectively as "Credit Bancorp") and several individual defendants, including Brandon. Subsequently, a number of customers of Credit Bancorp filed claims against these same defendants and based on the same conduct alleged by the SEC. Most of these claims are in this Court. On December 14, 1999, Brandon filed the Kentucky Action, which seeks a declaratory judgment against two of Credit Bancorp's insurers, J & H Marsh & McLennan and Lloyds, for coverage for the claims alleged against him in the Enforcement and the customers' actions. Brandon later voluntarily dismissed Marsh from the Kentucky Action.

As part of the Enforcement Action, by order dated January 21, 2000, this Court appointed the Receiver and authorized him to, inter alia, make claims against Credit Bancorp's insurance policies. On February 23, 2000, the Receiver filed his third-party complaint for declaratory judgment against Lloyds, and on March 13, 2000, the Receiver filed his first amended third-party complaint against Lloyds, London Market Companies, Gulf Insurance Company, and Federal Insurance Company, and cross-claim against Thomas Michael Rittweger and Brandon. In the third-party action and cross-claim, the Receiver seeks a declaration of the rights, duties and obligations of the parties under the Credit Bancorp insurance policies. These policies are the largest contingent asset of the Receivership estate.

The Lloyds policy includes a Primary Comprehensive Crime, Bankers Professional Liability, Fiduciary Liability, and Directors and Officers/Corporate Reimbursement Policy. This policy insures Credit Bancorp from losses caused by the allegedly dishonest or fraudulent acts of its employees; insures Credit Bancorp from losses caused by errors and omissions resulting from any claims made against Credit Bancorp for a "wrongful act" in the performance of "professional services"; and insures the directors, offices, and trustees of Credit Bancorp, including Brandon, for any loss resulting from a claim made during the policy period for any "wrongful act". The policy contains a $10,000,000 aggregate limit clause, pursuant to which the total monies available are reduced on a "first come, first served" basis by the amount of any payments made.

The Supreme Court has recognized that among the inherent powers of a federal court is the authority, which is codified in the All Writs Act, "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Telephone Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977) (citations omitted). Pursuant to this inherent power, a federal court may enjoin actions in other jurisdictions that would undermine its ability "to reach and resolve the merits of the dispute before it." *In re Baldwin–United Corporation*, 770 F.2d 328, 338–39 (2d Cir.1985).

The primary purpose of this Court's January 21 order establishing a receivership is to protect the estate property and ultimately return that property to the proper parties in interest. *See SEC v. American Board of Trade Inc.*, 830 F.2d 431, 436 (2d Cir.1987) (citations omitted). Among the Receiver's duties is that of marshaling and preserving the assets of the estate in order to effectuate an orderly, efficient, and equitable administration

of the estate. *See id.; In re Consolidated Welfare Fund "ERISA" Litigation,* 798 F.Supp. 125, 128 (S.D.N.Y.1992). Such efforts would be "rendered meaningless" if third parties are permitted to obtain judgments against the estate and thereby deplete its assets. *Consolidated Welfare Fund,* 798 F.Supp. at 128; *see also Cutler v. 65 Security Plan,* 831 F.Supp. 1008, 1014 (E.D.N.Y.1993).

Moreover, where a court has appointed a receiver and obtained jurisdiction over the receivership estate, as here, the power to stay competing actions falls within the court's inherent power to prevent interference with the administration of that estate. *See SEC v. Wencke,* 622 F.2d 1363, 1370 (9th Cir.1980); *Eller Industries, Inc. v. Indian Motorcycle Manufacturing, Inc.,* 929 F.Supp. 369, 372 (D.Colo.1995). The power of a receivership court to prevent the commencement, prosecution, continuation, or enforcement of such actions has been recognized specifically in the context of securities fraud cases. *See Wencke,* 622 F.2d at 1370; *SEC v. An–Car Oil Co.,* 604 F.2d 114, 117 (1st Cir.1979); *Lankenau v. Coggeshall & Hicks,* 350 F.2d 61, 63 (2d Cir.1965).

If Brandon were to prevail in the Kentucky Action, under the policy's Aggregate Limit provision any payment to him would serve to reduce the total estate assets—specifically, insurance monies—available to other claimants, including Credit Bancorp's customers. Thus, permitting Brandon to continue prosecuting his action would thwart this Court's January 21 order directed at obtaining an orderly and equitable administration of the estate.

Furthermore, because the factual and legal issues at issue in the Kentucky Action will be raised in the action before this Court, allowing Brandon to pursue his claim in the Kentucky forum poses a clear risk of duplicative discovery and inconsistent rulings. *See Pinto v. Doskocil,* No. 91 Civ. 1518, 1992 WL 111344, at *2 (S.D.N.Y. May 8, 1992); *see also Baldwin–United Corp.,* 770 F.2d at 336. Finally, the action

before this Court is a comprehensive one, whereas the Kentucky Action is not, and the risk of piecemeal litigation over the availability and extent of insurance coverage should be avoided. *See General Reinsurance Corp. v. Ciba–Geigy Corp.,* 853 F.2d 78, 81 (2d Cir.1988).

Brandon fails to raise any viable argument to the contrary. First, his contention that for this Court to enjoin his action would contravene its duty to exercise "caution and restraint" in these matters is without merit. Under the circumstances, enjoinment of the Kentucky Action is not incautious but, rather, is entirely appropriate and necessary to allow this Court to exercise its jurisdiction over the receivership estate and resolve the merits of the Enforcement Action. Moreover, none of the cases cited by Brandon are on point. They do not concern actions involving a limited res, receivership, or estate that is to be distributed among multiple claimants. *See, e.g., Peters v. Brants Grocery,* 990 F.Supp. 1337, (M.D.Ala.1998). Nor do they address the issue of when one federal court may stay proceedings in another federal court. *See, e.g., Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 285–86, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Instead, they either concern the question of when a federal court may stay a state court proceeding under the Anti–Injunction Act, 28 U.S.C. § 2283, which implicates federalism concerns not at issue here, *see id.,* or scenarios other than the enjoinment of proceedings, *see ITT Community Development Corp. v. Barton,* 569 F.2d 1351, 1360–61 (5th Cir.1978).

Second, Brandon's contention that this Court's February 25, 2000 order "specifically protect[s]" his continued litigation of the Kentucky action is inaccurate. The February 25 order did not address whether Brandon could prosecute a separate declaratory judgment action in Kentucky, but instead merely clarified that the January 21, 2000 Receivership order does not

preclude Brandon from making a claim in his own name under the policies at issue.

Finally, Brandon's conclusory assertion that enjoinment of the Kentucky Action would deprive him of rights under an alleged forum selection clause in the Lloyds policy cannot outweigh the interests at stake in protecting the exercise of this Court's jurisdiction and preventing the purposes of the receivership from being thwarted.

Brandon is therefore stayed from proceeding in the Kentucky action.

It is so ordered.